IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joanne Collins, | ) | C/A No.: 8:13-cv-00076-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on motion by Plaintiff for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant filed a memorandum in opposition to the motion on the basis that the position of the government was substantially justified. Plaintiff filed a Reply in opposition to the Response.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees and costs under the Equal Access to Justice Act. In order to meet its burden of showing that its position before the District Court was "substantially justified," the government has the burden of establishing that its case has a reasonable basis in law and fact - that is, justified to a degree that could satisfy a reasonable person. *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (Government's position must be substantially justified in both fact and law; favorable facts will not rescue the government from a substantially unjustified position on the law, and

1

an accurate recital of the law cannot excuse a substantially unjustified position on the facts). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness . . ." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, a position can be justified even though it is not correct and can be substantially (that is, for the most part) justified if a reasonable person could think it was correct, that is, if it has a reasonable basis in law and fact. *Id.* at 566, n.2.

The Fourth Circuit requires this Court to consider the totality of the circumstances in assessing whether the government's position was reasonable and has rejected the argument that "*any* unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir.1993); *See also, Albright v. Apfel*, 225 F.3d 653, *1 (4th Cir. 2000) [unpublished table decision] ("Although the Commissioner's position was based on a misinterpretation of circuit precedent, it had a basis both in law and fact that could satisfy a reasonable person. Therefore, we find that the district court did not abuse its discretion in finding that position to be substantially justified." (citation omitted)].

The government contends that, although this Court found that the ALJ erred in failing to elicit an explanation from the vocational expert (VE) regarding the discrepancy between her testimony and the Dictionary of Occupational Titles, this Court also acknowledged a split of authority on the specific issue of whether a claimant whose RFC limited him to simple, repetitive work was capable of performing a job that the DOT classified as reasoning level three. Plaintiff contends that the commissioner's position was not substantially justified because certain recent cases from other South Carolina District Judges had remanded cases in similar situations, and the Fourth Circuit case cited by the Commissioner was unpublished.

The fact that this court remanded the case to the Commissioner does not necessarily mean that

2

Plaintiff is entitled to attorney's fees. *See Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991). ("[I]t has been held that lack of substantial evidence did not, in every case, of itself, equate to lack of substantial justification . . ." [citing *Pullen v. Bowen*, 820 F.2d 105 (4th Cir. 1987) (abrogated on other grounds)]

Considering the totality of the circumstances, this Court holds that the Commissioner's position in this case was substantially justified. The Court found that the Fourth Circuit had not issued a published opinion on the issue and that many district judges within the circuit had addressed the issue and remanded cases for further proceedings. However, as noted by the Commissioner, other district court cases within this circuit as well as published decisions from the Seventh and Eighth Circuits had held otherwise. Therefore, the Court believes that the Commissioner's position was substantially justified. In reaching this conclusion, the Court also notes that the undersigned agreed with the Commissioner's other objections to the R&R and found that substantial evidence supported the ALJ's evaluation of the medical opinion evidence.

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's request for EAJA attorney fees is **DENIED**.

**IT IS SO ORDERED**.

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

October 7, 2015  
Florence, South Carolina